UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN TURNER, | Case No. 2:13-cv-01954-MMD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| SELF-HELP CENTER, *et al.*, | |
| Defendants. | |

This action is a closed *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. By order filed January 9, 2014, the Court dismissed this action with prejudice, because the complaint failed to state a claim and could not be cured through amendment. (Dkt. no. 6.) Judgment was entered that same date. (Dkt. no. 8.) Plaintiff has filed three (3) motions for reconsideration of this Court's order of dismissal. (Dkt. nos. 9, 10, 11.)

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the

>judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. See Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered judgment dismissing this action in the order filed January 9, 2014. (Dkt. no. 6.) This Court properly reviewed and dismissed this action for failure to state a cognizable claim, pursuant to 28 U.S.C. § 1915A(b)(1),(2) and 28 U.S.C. § 1915(e)(2). The Court dismissed plaintiff's action for damages against the Self-Help Center of the Eighth Judicial District Court for the State of Nevada, the Regional Justice Center, and the State of Nevada because states, and

arms of the state, are not persons for purposes of § 1983 actions. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff also claimed a denial of access to the courts, alleging that the Self-Help Center refused to assist him with small claims complaints. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). This Court ruled that because plaintiff alleged that the Self-Help Center refused to assist him with small claims complaints, he failed to state a claim for denial of access to the courts. The Court further found that, because the deficiencies of the complaint could not be cured through further amendment, the entire complaint was dismissed with prejudice. (Dkt. no. 6.)

In his motions for reconsideration, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Plaintiff has not shown that manifest injustice resulted from dismissal of the action. Plaintiff also has not presented newly discovered or previously unavailable evidence. Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motions for reconsideration or otherwise altering the judgment of this Court.

It is therefore ordered that plaintiff's motions for reconsideration (dkt. nos. 9, 10, 11) are denied.

DATED THIS 24th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE